UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BRANDON SPILLERS,<br><br>Defendant. | No. 2:18-cr-00263-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PLACEMENT IN HOME CONFINEMENT AND/OR HALFWAY HOUSE** |

On January 26, 2022, Defendant filed a pro se motion for an order placing him in home confinement and/or a halfway house. See First Mot., ECF No. 73. On January 31, 2022, Defendant filed a request to withdraw that motion and to consider a forthcoming motion. See Request to Withdraw First Mot., ECF No. 74. That same day, he filed a second pro se motion, again asking the Court to place him in home confinement and/or a halfway house. See Second Mot., ECF No. 75. The Court grants Defendant's request to withdraw the first motion and to consider the second motion.

However, as the Court has previously held, it lacks statutory authority to order an inmate to home confinement. United States v. Lastovskiy, No. 2:12-cr-00322-JAM, 2021 WL

1

4777132, at *2 (E.D. Cal. Oct. 13, 2021). The authority to transfer an inmate to home confinement is delegated exclusively to BOP, and any BOP decision regarding home confinement is not subject to judicial review. 2021 WL 4777132, at *1; see also United States v. Mansaray, No. 13-236, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020) ("The Congress did not provide the Courts with the authority to review the BOP Director's decision whether to release inmates into home confinement at an earlier time . . . This discretion rests solely with the Attorney General and the BOP Director.").

In his motion, Defendant provides no specific cases holding otherwise. See Second Mot. Citing only to 18 U.S.C. 3624, he offers the legal conclusion that "United States Law and Federal Bureau of Prisons Program Statement authorizes the placement of all eligible prisoners in halfway house and/or home confinement prior to release" and that he is eligible "under applicable law." Id. at 1. But the plain language of 18 U.S.C. 3624(c)(2) is consistent with this Court's prior holding that the decision to place an inmate in home confinement is delegated exclusively to BOP. 2021 WL 4777132, at *1. Thus, Defendant fails to persuade the Court that it may order placement in home confinement or a halfway house.

Lacking such authority, the Court DENIES Defendant's motion.

IT IS SO ORDERED.

DATED: February 1, 2022          /s/ John A. Mendez
                                 ───────────────────────────────
                                 THE HONORABLE JOHN A. MENDEZ
                                 UNITED STATES DISTRICT COURT JUDGE